UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ROBINSON,

        Plaintiff,                                    Case Number 2:14-cv-10201

v.                                                Honorable George Caram Steeh

SHAWN BOOTH, ET. AL.,

        Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Christopher Robinson, a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).  After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

Plaintiff is in prison pursuant to his January 7, 2014, Washtenaw County Circuit Court conviction of assaulting a police officer. The 2-to-4 year sentence from his latest conviction is being served consecutively with his underlying 12-to-30 year sentence for his 1990 conviction of first-degree criminal sexual conduct. The complaint alleges that the defendants, which include multiple police officers, prosecutors, and judges, all conspired to obtain his latest conviction in order to cover-up an assault by another officer against Plaintiff. The complaint seeks monetary damages.

-1-

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Roberts*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## III. DISCUSSION

First, to the extent that plaintiff seeks monetary damages arising from his criminal conviction or wrongful imprisonment, he is unable to obtain such damages absent a showing that his criminal conviction has been overturned.  To recover monetary damages

for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998).  Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fails to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent Plaintiff is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002).  An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947

F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996)(*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to her conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

Furthermore, the Court cannot convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms,* 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994,) clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject

-4-

matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609.  Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice.  *Diehl v. Nelson*, 198 F.3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

## IV.  CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

Dated:  February 12, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 12, 2014, by electronic and/or ordinary mail and also on Chris Robinson #206760, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk

---